## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO:    15-0012** |
| **JOE LEE MILLER** | **SECTION: "J" (4)** |

### ORDER

Before the Court is Defendant, Joe Lee Miller's **Motion for Bill of Particulars (R. Doc. 49)**.  The motion is opposed (R. Doc. 55) and was considered on the briefs on March 11, 2015. *See* R. Doc. 61.

**I.    Background**

The Defendant is charged with seven (7) counts in an eleven (11) count indictment for violating the Hobbs Act, 18 U.S.C. 1951, which prohibits actual or attempted robbery or extortion affecting interstate or foreign commerce. *See* R. Doc. 5. The Defendant is charged with knowingly conspiring with six (6) co-defendants to take and obtain personal property consisting of illegal drugs and proceeds from drug trafficking, by means of actual and threatened force, violence and fear of injury. *Id.* The Defendant is also charged with violating 18 U.S.C. 924(c)(1)(A) for brandishing a firearm during a crime of violence and for possessing a firearm as a convicted felon in violation of 18 U.S.C. 922(g)(1).

The indictment alleges that the Defendant engaged in two robberies on April 23, 2014 and May 22, 2014 in the Eastern District of Louisiana. According to the indictment, on April 23, 2014 the Defendant and two (2) co-defendants allegedly broke into the apartment of "Individual A," laid in wait and then confronted "Individual A" with firearms and unlawfully took $90,000 in cash, heroin, and other valuable property. *Id.* at 3. Similarly, on May 22, 2014 the Defendant and three (3) co-defendants allegedly broke into the apartment of "Individual B," laid in wait and

then confronted "Individual B" with firearms and unlawfully took $1,000 in cash, an automobile, and other valuable property. *Id.* at 7. Allegedly, the Defendants committed attempted kidnapping and attempted murder by shooting "Individual B" eight (8) times while he was trying to escape from the kidnapping. *Id.*

The Defendant filed the instant motion seeking a bill of particulars specifying the particulars of (1) the overt act alleged to be in furtherance of the conspiracy, and (2) the location and victims of the alleged substantive counts. The trial is set in this matter for June 1, 2015. *See* R. Doc. 64.

**II.    Standard of Review**

Rule 7(f) of the Federal Rules of Criminal Procedure provides that "[t]he court may direct the government to file a bill of particulars" and that the "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." The granting of the bill of particulars is in the sound discretion of the trial court. *United States v. Harbin*, 601 F.2d 773, 778 (5th Cir. 1979). Further, the purpose of a bill of particulars is

> [T]o inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare his defense, to avoid or minimize the danger of surprise at trial, and to facilitate a plea of double jeopardy in the event of subsequent prosecution for the same offense

*Id.* (citing *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977) and *United States v. Martinez*, 466 F.2d 679 (5th Cir. 1972)).

An indictment will be deemed sufficient if it (1) contains the elements of the charged offense; (2) fairly informs the defendant of the charges against him; and (3) ensures that there is no risk of future prosecutions for the same offense." *United States v. Harms*, 442 F.3d 367, 372 (5th Cir. 2006) (quoting *United States v. Sims. Bros. Constr., Inc.*, 277 F.3d 734, 741 (5th Cir. 2001)). While "the defendant is entitled to a plain concise statement of the essential facts

2

constituting the offenses charged, the indictment need not provide him with the evidentiary details by which the government plans to establish his guilt." *United States v. Gordon*, 780 F.2d 1165, 1172 (5th Cir. 1986) (citing *United States v. Cauble,* 706 F.2d 1322, 1334 (5th Cir. 1983))

## III.   Analysis

The Defendant seeks (1) the overt act alleged to be in furtherance of the conspiracy, and (2) the location and victims of the alleged substantive counts. *See* R. Doc. 49. The Defendant argues that a bill of particulars is appropriate in this case because the indictment does not provide the locations of the alleged robberies or the names of the alleged victims, and without this information he will not be able to sufficiently conduct his investigation or be able to defend against future prosecution of the same events against the same victims. *See* R. Doc. 49-1, at 3.

Specifically, Defendant argues that without the names of "Individual A" and "Individual B" in the indictment, he will be at risk of the Government prosecuting him for robbing a "known" drug trafficker on the same dates given in the indictment and evading double jeopardy by simply stating that it is a different "known" drug trafficker. *See* R. Doc. 59-2, at 1. Defendant further argues that he is entitled to know the overt acts the Government intends to prove that are not described in the substantive counts. *Id.* at 3.

In opposition, the Government argues that the Defendant has not demonstrated a need for the bill of particulars. *See* R. Doc. 55, at 5. The Government contends that a Hobbs Act conspiracy does not require an overt act and as a result, no overt acts are pled in the indictment. *Id.* The Government argues that the "manner and means" paragraph connected to the Hobbs Act conspiracy charge is "surplusage" [1] and serves the purpose of putting the Defendant on notice of

---

[1] In the Defendant's Reply Memorandum in Support of Rule 7(f) (R. Doc. 59-2), the Defendant for the first time raises a request that "surplusage" in the indictment be stricken pursuant to Rule 7(d). However, Rule 7(d) requires that the Defendant file a motion to strike the surplusage. Defendant's Reply is not a motion and is limited to the request before the Court, which is for a bill of particulars pursuant to Rule 7(f).

the acts the Government will present to prove how he committed the conspiracy offense. *Id.* The Government argues that the Defendant's request for a bill of particulars is an attempt to learn evidentiary detail and the acts the government will present to prove how he committed to the conspiracy offense. *Id.* at 7. Additionally, the Government argues that the disclosure of the victims' names would be an early disclosure of witnesses in a case involving violent acts and violent offenders that would strictly limit the Government's proof at trial. *Id.*

Federal Rule of Criminal Procedure 7(c)(1) provides that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "To be sufficient, an indictment must allege every element of the crime charged." *United States v. Fitzgerald*, 89 F.3d 218, 221 (5th Cir. 1996) (citing *United States v. Alford*, 999 F.2d 818, 823 (5th Cir. 1993)). "[A] valid indictment must set forth the alleged offense 'with sufficient clarity and certainty to apprise the accused of the crime with which he is charged.'" *United States v. Dentler*, 492 F.3d 306, 309 (5th Cir. 2007) (quoting *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004)). The Fifth Circuit has held that while a "bare allegation in the indictment . . . is sufficient to withstand a motion to dismiss, it does not . . . meet fully the Government's obligation to permit [the] defendant to prepare a defense." *United States v. Haas*, 583 F.2d 216, 221 (5th Cir. 1978).

Under the Hobbs Act, there are two elements: "(1) a robbery, act of extortion, or an attempt or conspiracy to rob or extort; and (2) an interference with interstate commerce." *United States v. Robinson*, 119 F.3d 1205, 1212 (5th Cir. 1997) (citing *Stirone v. United States*, 361 U.S. 212, 218, 80 S. Ct. 270, 274 (1960)). To convict for a Hobbs Act conspiracy, "the jury must find an agreement between two or more persons to commit a crime, and an overt act by one of the

conspirators to further the conspiracy." *United States v. Stephens*, 964 F.2d 424, 427 (5th Cir. 1992).

After considering the facts of this case and the applicable law, the Court concludes that the Defendant's motion for a bill of particulars is denied.  The indictment alleges the two necessary elements under the Hobbs Act, specifically that (1) the Defendant robbed two individuals and (2) the robbery obstructed the movement of articles and commodities in interstate commerce. Despite the Government's erroneous contention that an overt act is not required to prove a Hobbs Act conspiracy, *see Stephens*, 964 F.2d at 427, the Court finds that the indictment as a whole alleges two overt acts— the robberies on April 23, 2014 and May 22, 2014—that were committed by the Defendant in furtherance of the conspiracy. Additionally, the overt acts apprise the Defendant of the crime for which he is charged, providing necessary information to help him prepare his defense. Therefore, a bill of particulars is not necessary to apprise the Defendant of the overt acts committed in furtherance of the alleged conspiracy.

Defendant's second request for the disclosure of the specific location and names of the victims is not necessary to prevent the risk of duplicate prosecution and double jeopardy in future prosecution. First, the Government is not required to identify the victims of the alleged offense because the names of the victims are not an element of the offense. *See United States v. Troiano*, 258 F. App'x 983, 985 (9th Cir. 2007) (finding that the indictment charging the defendant with violation of the Hobbs Act was sufficient even though if failed to identify the victims); *United States v. Wilson*, No. 94-CR-140, 1994 WL 777319, at *15 (E.D. Wis. Nov. 30, 1994) (denying defendant's motion for bill of particulars on the grounds that names of the victims is not an element of the offense and not required in the indictment).

Second, the indictment alleges specific details to not only apprise the Defendant of the charges against him, but details to prevent the potential of subsequent prosecution for the same events. The indictment alleges the specific dates of the substantive counts, the approximate amount of cash stolen from each victim, the exact type of drug stolen from Individual A, and the fact that Individual B was shot exactly eight (8) times during the robbery. This information should be enough for the Defendant to prepare his defense against these charges and enough to help him defend against future prosecution.

Accordingly

**IT IS ORDERED** that Defendant, Joe Lee Miller's **Motion for Bill of Particulars (R. Doc. 49)** is **DENIED**.

New Orleans, Louisiana, this <u>24th</u> day of March 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**